**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAUL VINTON GRANADOS, JR.,<br><br>    Plaintiff,<br><br>vs.<br><br>ANDREW SAUL,<br>Commissioner of Social Security,<br><br>    Defendant. | CIVIL NO. 1:19-cv-01426-HBK (SS)<br><br><u>ORDER VACATING AND DIRECTING REMAND BASED ON PARTIES' STIPULATION FOR VOLUNTARY REMAND UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g) AND ENTRY OF JUDGMENT</u><br><br>(Doc. No. 30) |

      Pending before the Court is the parties' "Joint Stipulation for Voluntary Remand pursuant to Sentence 4 of 42 U.S.C. § 405(g) and to Entry of Judgment" (hereinafter "Joint Stipulation"), filed November 18, 2020. (Doc. No. 30).

      Plaintiff Paul Vinton Granados, Jr. and Defendant Andrew Saul, the Commissioner of Social Security, jointly stipulate that this court should remand the instant action for further administrative proceedings under sentence 4 of 42 U.S.C. § 405(g). (*See* Doc. No. 30 at 1). The parties further stipulate that the court should direct the Administrative Law Judge to "reevaluate the medical evidence of record, reevaluate his maximum residential functioning capacity under the relevant regulations, and to take further action as appropriate to issue a new decision." *Id.*

Although the Social Security Commissioner has agreed to a remand of a matter for further consideration, the United States Supreme Court held that the Social Security Act permits remand in conjunction with a judgment either affirming, reversing, or modifying the Secretary's decision. *See Melkonyan v. Sullian*, 501 U.S. 89, 97-98 (1991) (addressing issue of attorney's fees under the Equal Access to Justice Act and calculating deadline using date of final judgment).

In *Melkonyan*, the Court recognized 42 U.S.C. § 405(g) contemplates only two types of remands: either a sentence 4 or a sentence 6 remand. *Id.* at 98. A sentence four remand authorizes a court to enter "a judgment affirming, modifying, or reversing the decision of the Secretary, with or without resetting the cause for a rehearing." *Id.* at 98 (other citations omitted). And when a sentence 4 remand does not include this language, it is unclear whether a sentence 4 or a sentence 6 is remand is at issue. *Id.* (noting because the "affirming, reversing, or modifying" language was absent from the district court order, the parties agreed, and the Supreme Court found, that the district court did not intend a sentence 4 remand).

In a remand under the sixth sentence of 42 U.S.C. § 405(g), "[t]he district court does not affirm, modify or reverse the Secretary's decision; it does not rule in any way as to the correctness of the administrative determination. Rather, the court remands because *new evidence* has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Id.* (emphasis added). Under a sentence six remand, the Secretary "must return to the district court to 'file with the court any such additional or modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.'" *Id.* A sentence six remand further requires the petitioner to demonstrate a showing of good cause as to why the evidence was not presented in the prior proceeding, *id.* at 99, or the parties may stipulate to good cause.

Here, although the parties' stipulation and proposed order is silent as to whether they request the court affirm, modify, or reverse the decision, it does not appear that new evidence is contemplated because no reference to good cause is made and the parties' stipulate that the ALJ will "**reevaluate** medical evidence of record." (Doc. No. 30 at 1, emphasis supplied).

**Accordingly**:

1. Pursuant to the parties' Joint Stipulation (Doc. No. 30), the Commissioner of Social Security's decision is reversed and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this Order under sentence 4, 42 U.S.C. § 405(g).
2. The Clerk is respectfully requested to enter judgment and close this case.

IT IS SO ORDERED.

Dated:   December 22, 2020

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE