UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL GRANADOS,<br><br>            Plaintiff,<br><br>     v.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | Case No. 1:19-cv-01426-HBK<br><br>ORDER GRANTING MOTION FOR ATTORNEY'S FEES[1]<br><br>(Doc. No. 35)<br><br>ORDER FOR CLERK TO MAIL A COPY OF ORDER TO PLAINTIFF |

Jonathan O. Peña ("Counsel") of the Law Offices of Peña & Bromberg, PC, attorney for Paul Granados ("Plaintiff"), filed a motion seeking attorney's fees pursuant to 42 U.S.C. § 406(b) on September 1, 2022. (Doc. No. 35). Plaintiff was served with the motion and advised he had 14 days to object. (*Id.* at 2, 9). No opposition has been filed as of the date of this Order. (*See* docket). For the reasons set forth below, the motion for attorney's fees is granted in the amount of $26,375.53 subject to a potential offset of $9,821.57 in fees previously awarded on June 30, 2021, under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (Doc. No. 34).

**I. BACKGROUND**

On October 9, 2019, Plaintiff brought the underlying action seeking judicial review of a

---

[1] Both parties have consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C. §636(c)(1). (Doc. No. 25).

final administrative decision denying Plaintiff's claim for disability insurance benefits under the Social Security Act. (Doc. No. 1). On December 22, 2020, the Court granted the parties' joint stipulation to voluntary remand for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) and judgment was entered. (Doc. Nos. 31-32). The Court entered an award of $9,821.57 for attorney fees under the Equal Access to Justice Act ("EAJA") on June 30, 2021. (Doc. Nos. 34). In his attached declaration, Counsel states he has not yet received the previously awarded $9,821.57 in EAJA fees and that "[u]pon receipt, [he] will promptly refund the EAJA fee if any to the Plaintiff." (Doc. No. 35 at 7).

On remand, the Commissioner found Plaintiff disabled since August 2012. (Doc. No. 35-1). Plaintiff was awarded $105,502.12[2] in retroactive benefits. (Doc. No. 35-1 at 5). On September 1, 2022, Counsel filed this motion for attorney's fees in the amount of $26,375.53, with a potential offset of $9,871.57 for EAJA fees already awarded, should Counsel receive the EAJA fee awarded on June 30, 2021. (Doc. No. 35). Counsel argues these fees are reasonable because the contingency fee agreement, which Plaintiff signed, permits Counsel to retain 25% of the past-due benefits. (Doc. No. 35 at 4; Doc. No. 35-2). Defendant did not file any response to the fee requested and the time to do so has expired. (*See* docket).

## II. APPLICABLE LAW

Attorneys may seek a reasonable fee under the Social Security Act for cases in which they have successfully represented social security claimants. Section 406(b) allows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . ..

42 U.S.C. § 406(b)(1)(A). Counsel for a plaintiff may recover attorneys' fees under both 42

---

[2] Plaintiff calculated the total amount of past due benefits by multiplying the 25% of past due benefits amount by four ($26,375.53 x 4). (Doc. No. 35 at 3). The Court also notes that the total amount of withholding was calculated by adding the amount withheld by the Commissioner from Plaintiff's past-due benefits in the amount of $20,907.78, and the amount withheld from Plaintiff's family's past-due benefits in the amount of $5,467.75, for a total of $26,375.53. (*See* Doc. No. 35-1 at 5).

2

U.S.C. § 406(b) and EAJA.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).  Counsel, however, must refund to the plaintiff the amount of the smaller fee.  *Id.*

Fees in social security cases "are usually set in contingency-fee agreements and are payable from past-due benefits awarded to the claimant."  *Biggerstaff v. Saul*, 840 F. App'x 69, 70 (9th Cir. 2020).  The fee is not *borne* by the Commissioner.  *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009).  This provision's purpose is in part to "ensure that attorneys representing successful claimants would not risk nonpayment of [appropriate] fees."  *Gisbrecht,* 535 U.S. at 805 (internal quotations omitted).  When weighing the adequacy of requested attorney's fees, Courts should respect "the primacy of lawful attorney-client fee agreements."  *Id.* at 793.  Counsel still bears the burden, however, of showing the requested fees are reasonable.  *Id.* at 807.  In determining reasonableness, the court may consider the experience of the attorney, the results they achieved, and whether there is evidence the attorney artificially increased the hours worked or the hourly rate charged.  *Id.* at 807-808; *Crawford*, 586 F.3d at 1151.  Any 406(b) award is offset by attorney fees granted under the EAJA.  *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1219 (9th Cir. 2012)

### III.  ANALYSIS

Here, Plaintiff signed a fee agreement providing, "the fee for successful prosecution of this matter is 25% of the backpay awarded…" (Doc. No. 35-2).  Counsel was ultimately successful in securing $105,502.12 in retroactive benefits for Plaintiff.  In support of this motion, Counsel submitted a time sheet indicating the firm expended 47.5 hours in attorney time on this matter.  (Doc. No. 35-3).  The time Counsel spent in successfully attaining Plaintiff's benefits does not appear inflated.

Counsel's request for $26,375.53 in fees for 47.5 hours of work results in an hourly rate of $555.27 for the attorney work.  In 2008, the Ninth Circuit found similar hourly rates reasonable in social security contingency fee arrangements.  *Crawford*, 586 F.3d at 1153 (explaining that the majority opinion found reasonable effective hourly rates equaling $519.00, $875.00, and $902.00) (J. Clifton, concurring in part and dissenting in part).  More recently, this Court approved an hourly rate of $1,025.22 for paralegal and attorney time.  *Mayfield v. Comm'r of Soc. Sec.*, No.

1:16-cv-01084-SAB, ECF No. 24, at 5 (E.D. Cal. March 19, 2020).  Attorney hourly rates inevitably rise as their experience increases, and Counsel has been practicing social security law since 1997.  (Doc. No. 26 at 22, ¶15).  Based on the foregoing, the Court finds the requested fees of $26,375.53 are reasonable.  *Gisbrecht,* 535 U.S. at 807-08.

An award of attorney's fees pursuant to 406(b) in the amount of $26,375.53 is, therefore, appropriate.  An award of § 406(b) fees, however, must be offset by any prior award of attorneys' fees granted under the EAJA.  28 U.S.C. § 2412(d); *Gisbrecht*, 535 U.S. 796.  Should Counsel receive the $9,821.57 previously awarded pursuant to the EAJA, Counsel shall refund this amount to Plaintiff.

Accordingly, it is **ORDERED**:

1. Plaintiff's Counsel's motion for an award of attorney's fees is GRANTED (Doc. No. 35).

2. Plaintiff's Counsel is awarded $26,375.53 in attorney fees pursuant to 42 U.S.C. § 406(b).

3. In the event Counsel receives any amount of the $9,821.57 in previously awarded EAJA fees, Counsel shall refund that amount of the § 406(b) fees awarded as an offset for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d). (Doc. No. 34).

4. The Clerk of the Court is respectfully directed to serve a copy of this Order on Plaintiff Paul Granados, 721 W. Franklin Ave., Fresno, CA, 93706.


Dated:    November 21, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE